UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02425-PA-MBK | | Date | June 1, 2026 |
|---|---|---|---|---|
| Title | Emmanuel Zakaria v. Warden Miss V. Araiza, FCI Victorville, II | | | |

| Present: The Honorable | Michael B. Kaufman, United States Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| none | none |

**Proceedings:**     ORDER FOR PETITIONER TO SHOW CAUSE WHY HIS PETITION IS NOT MOOT

On April 23, 2026, Petitioner filed an affidavit updating his address in which he stated that he had been recently released from Bureau of Prisons ("BOP") custody and taken into custody by Immigration and Customs Enforcement ("ICE"). Dkt. 20. The Court issued an order requiring Respondents to provide a status report to clarify the status of Petitioner's custody and the impact on Petitioner's claims. Dkt. 21. On May 26, 2026, Respondents filed a status report confirming that Petitioner had been released from BOP custody on April 14, 2026, and taken into ICE custody. Dkt. 23. Respondents argue that Petitioner's release from BOP custody renders his claims in this action moot. *Id.* at 4-6.

Because he has been released from BOP custody, Petitioner is ordered to show cause (meaning, explain in writing) why his petition is not moot.

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *U.S. v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id.* If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. See *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot 'grant any effectual relief whatever' in favor of the [petitioner]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted).

CV-90 (10/08)                    **CIVIL MINUTES - GENERAL**                    Page 1 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02425-PA-MBK | | Date | June 1, 2026 |
|---|---|---|---|---|
| Title | Emmanuel Zakaria v. Warden Miss V. Araiza, FCI Victorville, II | | | |

In his amended habeas petition, Petitioner requests the Court to order BOP to correctly calculate his earned time credits under the First Step Act and Second Chances Act, and order his immediate release from BOP custody to a Residential Re-entry Center. Dkt. 22 at 11. However, because Petitioner is no longer in BOP custody, it does not appear that there is any additional relief that this Court can order. Generally, a petition is moot where the relief sought no longer is available. *Maciel v. Cate,* 731 F. 3d 928, 932 (9th Cir. 2013) *cert. denied*, 574 U.S. 834 (2014).

The Court therefore ORDERS Petitioner to show cause why this case should not be dismissed without prejudice because his claims are moot. Petitioner's response is due on or before **July 1, 2026.** Alternatively, if Petitioner no longer wishes to proceed with this case, Petitioner may file a notice of dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).

Petitioner is advised that the failure to timely respond to this order to show cause may result in the Court's recommending that this case be dismissed under Federal Rule of Civil Procedure 41 for failure to prosecute.

**IT IS SO ORDERED.**